# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LASHAUNNA AIKENS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 16-443 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| UNIVERSITY OF PITTSBURGH'S ) | |
| SCHOOL OF DENTAL MEDICINE, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF DISMISSAL

Having been granted leave to proceed *in forma pauperis* ("IFP"), Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e). *See* Atamian v. Burns, 2007 WL 1512020, *1-2 (3d Cir. May 24, 2007) ("the screening procedures set forth in [Section] 1915(e) apply to [IFP] complaints filed by prisoners and non-prisoners alike") (citations omitted). Among other things, that statute requires the Court to dismiss any action in which the plaintiff has failed to state a claim upon which relief may be granted. *See* Muchler v. Greenwald, 624 Fed. Appx. 794, 796 (3d Cir. Aug. 18, 2015).

Plaintiff alleges federal-question jurisdiction. Compl. (Doc. 3) at ¶ II. The sum total of her substantive allegations are as follows:

> On Oct[ober] 8, 2015 UPMC's insurance hot-line made an appointment [with Defendant]. Once there[,] Dr. Smith was the dentist and somehow x-ray records [of Plaintiff's son] were released to the college as a joke and the money (insurance) [was] paid for a[n] exaggerated procedure he never received.

*Id.* at ¶ III; *see also id.* at ¶ II.B.3 (claiming, on these allegations alone, that the amount in controversy is $25 million).

The Court must assume, as Plaintiff's Civil Cover Sheet indicates,[1] that Plaintiff purports to assertion a civil-rights violation under Section 1983. Plaintiff's grievances, however, fail to plausibly establish either of the central tenets addressed in that statute, namely, (1) a violation of federal constitutional or statutory rights, (2) resulting from action taken under the color of state law. *See* Elmore v. Cleary, 399 F.3d 279, 281 (3d Cir. 2005). Accordingly, Plaintiff's action is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B). Because the Court can conceive of no actionable federal claim based on the allegations in the Complaint, the dismissal is made **WITH PREJUDICE**. *See* Muchler at 799 (applying futility standard within context of Section 1915(e), and affirming dismissal with prejudice).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order of Dismissal would not be taken in good faith.

IT IS SO ORDERED.


April 19, 2016                                s\Cathy Bissoon
                                              Cathy Bissoon
                                              United States District Judge

cc (via First-Class U.S. Mail):

LaShaunna Aikens
2340 East Hill Drive, Apt. #13
Pittsburgh, PA  15221

---

[1] *See* Doc. 3-1 (citing Section 1983 as source for cause of action).